1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    JAMES D. CHAVEZ,                    )    No. C 12-00276 EJD (PR)
                                          )
12                 Petitioner,            )    ORDER OF DISMISSAL
                                          )
13          vs.                           )
                                          )
14    WARDEN,                             )
                                          )
15                                        )
                   Respondent.            )
16                                        )
      _____       )
17

18          Petitioner, a California prisoner currently incarcerated at the Pelican Bay State

19    Prison in Crescent City, has filed a petition for writ of habeas corpus pursuant to 28

20    U.S.C. § 2254, challenging guilty findings in two rule violation reports ("RVR").

21    Petitioner has paid the filing.  (See Docket No. 8.)

22

23                                    **DISCUSSION**

24    **A.    <u>Standard of Review</u>**

25          This court may entertain a petition for a writ of habeas corpus "in behalf of a

26    person in custody pursuant to the judgment of a State court only on the ground that he is

27    in custody in violation of the Constitution or laws or treaties of the United States."  28

28    U.S.C. § 2254(a).

United States District Court
For the Northern District of California

1   It shall "award the writ or issue an order directing the respondent to show cause

2   why the writ should not be granted, unless it appears from the application that the

3   applicant or person detained is not entitled thereto."  Id. § 2243.

4   **B.    Legal Claims**

5   Petitioner alleges that in April 2007, he was wrongfully found guilty of

6   "possession or manufacture of a deadly weapon" when prison officials discovered a

7   broken TV antenna in his cell.  No credit forfeiture was imposed because time restraints

8   had been exceeded, but Petitioner received 90 days restriction of canteen privileges.

9   Petitioner also alleges that in July 2011, he was wrongfully found guilty of "destruction,

10   misuse, alteration, or damage to state property valued at $50 or less" when prison

11   officials found him wearing altered boxers.  Petitioner was assessed with replacement

12   costs for the altered boxers and a reprimand.  No credit forfeiture was imposed.

13   It is well established in this circuit that "habeas jurisdiction is absent, and a §

14   1983 action proper, where a successful challenge to a prison condition will not

15   necessarily shorten the prisoner's sentence."  Ramirez v. Galaza, 334 F.3d 850, 859 (9th

16   Cir. 2003).  The preferred practice in the Ninth Circuit also has been that challenges to

17   conditions of confinement should be brought in a civil rights complaint.  See Badea v.

18   Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of

19   challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1

20   (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms

21   and conditions of confinement must be brought in civil rights complaint).

22   Here, Petitioner seeks relief in having the RVRs dismissed before he goes before

23   the Board of Prison Terms for his next parole hearing.  However, Petitioner's claim

24   challenging the two RVRs, if successful, would not necessarily shorten his sentence as

25   there were no forfeiture of good time credits.  Furthermore, the potential impact of these

26   RVRs on his parole suitability is speculative at best.  Accordingly, the petition goes

27   entirely to the conditions of his confinement, and success in this action would not

28   necessarily affect the duration of his confinement.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    Although a district court may construe a habeas petition by a prisoner attacking

2  the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see

3  Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the Court declines to do so here.

4  The difficulty with construing a habeas petition as a civil rights complaint is that the

5  two forms used by most prisoners request different information and much of the

6  information necessary for a civil rights complaint is not included in the habeas petition

7  filed here.  Examples of the potential problems created by using the habeas petition

8  form rather than the civil rights complaint form include the potential omission of

9  intended defendants, potential failure to link each defendant to the claims, and potential

10  absence of an adequate prayer for relief.

11    Additionally, there is doubt whether the prisoner is willing to pay the $350.00

12  civil action filing fee to pursue his claims.  While a prisoner may think he has found a

13  loophole that allows him to avoid paying the $350.00 filing fee by filing in habeas, the

14  loophole proves unhelpful because he ultimately cannot proceed in habeas and will be

15  charged the $350.00 filing fee to proceed with actions challenging conditions of

16  confinement.  It is not in the interest of judicial economy to allow prisoners to file civil

17  rights actions on habeas forms because virtually every such case, including this one,

18  will be defective at the outset and require additional court resources to deal with the

19  problems created by the different filing fees and the absence of information on the

20  habeas form.

21

22    **CONCLUSION**

23    For the foregoing reasons, this action for a writ of habeas corpus is DISMISSED

24  without prejudice to Petitioner filing a civil rights action under 42 U.S.C. § 1983,

25  preferably using the court's civil rights complaint form, after he has exhausted

26

27

28

California's prison administrative remedies.[1]  <u>See</u> 42 U.S.C. § 1997e(a).

The Clerk is instructed to include two copies of the prisoner civil rights complaint form to Petitioner with a copy of this order.


DATED: _____7/6/2012_____          _____

EDWARD J. DAVILA
United States District Judge

United States District Court
For the Northern District of California

---

[1] Petitioner is advised that he may have to file separate actions for each of the RVRs he attempts to challenge in this action to comply with Federal Rule of Civil Procedure 20, which allows persons to be joined in one action as defendants so long as:  (1) the right to relief asserted against each defendant arises out of or relates to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all defendants arises in the action.  <u>See</u> Fed. R. Civ. P. 20(a)(2).

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES D. CHAVEZ,

            Plaintiff,

  v.

WARDEN et al,

            Defendant.

_____/

Case Number: CV12-00276 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 6, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James D. Chavez T27420
Pelican Bay State Prison
P. O. Box 7500
Crescent City, CA 95531

Dated: July 6, 2012

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk