United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. CHAVEZ, | No. C 12-00276 EJD (PR) |
| Petitioner, | ORDER OF DISMISSAL |
| vs. | |
| WARDEN, | |
| Respondent. | |

Petitioner, a California prisoner currently incarcerated at the Pelican Bay State Prison in Crescent City, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging guilty findings in two rule violation reports ("RVR"). Petitioner has paid the filing. (See Docket No. 8.)

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

1  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

### B. Legal Claims

Petitioner alleges that in April 2007, he was wrongfully found guilty of "possession or manufacture of a deadly weapon" when prison officials discovered a broken TV antenna in his cell. No credit forfeiture was imposed because time restraints had been exceeded, but Petitioner received 90 days restriction of canteen privileges. Petitioner also alleges that in July 2011, he was wrongfully found guilty of "destruction, misuse, alteration, or damage to state property valued at $50 or less" when prison officials found him wearing altered boxers. Petitioner was assessed with replacement costs for the altered boxers and a reprimand. No credit forfeiture was imposed.

It is well established in this circuit that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). The preferred practice in the Ninth Circuit also has been that challenges to conditions of confinement should be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

Here, Petitioner seeks relief in having the RVRs dismissed before he goes before the Board of Prison Terms for his next parole hearing. However, Petitioner's claim challenging the two RVRs, if successful, would not necessarily shorten his sentence as there were no forfeiture of good time credits. Furthermore, the potential impact of these RVRs on his parole suitability is speculative at best. Accordingly, the petition goes entirely to the conditions of his confinement, and success in this action would not necessarily affect the duration of his confinement.

Order of Dismissal
N:\Pro - Se & Death Penalty Orders\July 2012\00276Chavez_dism(hc-2r).wpd   2

1  Although a district court may construe a habeas petition by a prisoner attacking
2  the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see
3  Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the Court declines to do so here.
4  The difficulty with construing a habeas petition as a civil rights complaint is that the
5  two forms used by most prisoners request different information and much of the
6  information necessary for a civil rights complaint is not included in the habeas petition
7  filed here.  Examples of the potential problems created by using the habeas petition
8  form rather than the civil rights complaint form include the potential omission of
9  intended defendants, potential failure to link each defendant to the claims, and potential
10 absence of an adequate prayer for relief.

11 Additionally, there is doubt whether the prisoner is willing to pay the $350.00
12 civil action filing fee to pursue his claims.  While a prisoner may think he has found a
13 loophole that allows him to avoid paying the $350.00 filing fee by filing in habeas, the
14 loophole proves unhelpful because he ultimately cannot proceed in habeas and will be
15 charged the $350.00 filing fee to proceed with actions challenging conditions of
16 confinement.  It is not in the interest of judicial economy to allow prisoners to file civil
17 rights actions on habeas forms because virtually every such case, including this one,
18 will be defective at the outset and require additional court resources to deal with the
19 problems created by the different filing fees and the absence of information on the
20 habeas form.

## CONCLUSION

For the foregoing reasons, this action for a writ of habeas corpus is DISMISSED without prejudice to Petitioner filing a civil rights action under 42 U.S.C. § 1983, preferably using the court's civil rights complaint form, after he has exhausted

Order of Dismissal
N:\Pro - Se & Death Penalty Orders\July 2012\00276Chavez_dism(hc-cr).wpd    3

California's prison administrative remedies.[1]  See 42 U.S.C. § 1997e(a).

The Clerk is instructed to include two copies of the prisoner civil rights complaint form to Petitioner with a copy of this order.

DATED: 7/6/2012

EDWARD J. DAVILA
United States District Judge

---

[1] Petitioner is advised that he may have to file separate actions for each of the RVRs he attempts to challenge in this action to comply with Federal Rule of Civil Procedure 20, which allows persons to be joined in one action as defendants so long as: (1) the right to relief asserted against each defendant arises out of or relates to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all defendants arises in the action. See Fed. R. Civ. P. 20(a)(2).

Order of Dismissal
N:\Pro - Se & Death Penalty Orders\July 2012\00276Chavez_dism(hc-cr).wpd 4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES D. CHAVEZ,

        Plaintiff,

  v.

WARDEN et al,

        Defendant.

Case Number: CV12-00276 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 6, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James D. Chavez T27420
Pelican Bay State Prison
P. O. Box 7500
Crescent City, CA 95531

Dated: July 6, 2012

                                      Richard W. Wieking, Clerk
                                      /s/ By: Elizabeth Garcia, Deputy Clerk